IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BREONIA SAPPHIRE ROBINSON, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1466 |
| | : | |
| TRUMARK FINANCIAL CREDIT UNION, *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**Pappert, J.**                                                                                                  **May 17, 2024**

*Pro se* Plaintiff Breonia Sapphire Robinson sues a credit union and its chief financial officer, alleging claims for breach of contract, breach of fiduciary duty and violations of various statutes in connection with certain credit transactions. For the following reasons, the Court will grant Robinson leave to proceed *in forma pauperis* and dismiss her Amended Complaint for lack of subject matter jurisdiction.[1]

I

Robinson names as Defendants Trumark Financial Credit Union and its chief financial officer, Vincent Market. (Compl. at 2.)[2] Robinson alleges that she and

---

[1] Robinson filed an initial Complaint naming just Trumark Financial Credit Union on April 5, 2024. (*See* ECF No. 1.) Less than three weeks later, she filed an Amended Complaint. (*See* ECF No. 4.) Federal Rule of Civil Procedure 15 permits Robinson to amend her Complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). An amended complaint, once submitted to the Court, serves as the governing pleading in the case and supersedes the prior complaint. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Trumark entered into two "consumer credit transactions," which involved the use of "collateral securities." (*Id.* at 3.) Robinson does not allege any facts about the collateral she allegedly used for the transactions.[3] She states, however, that the "collateral securities" are "exchangeable with the Federal Reserve pursuant to 12 U.S.C. § 412." (*Id.*) Robinson alleges that she "rescinded the original blank negotiation," "replaced the previous blank indorsements with special/restrictive indorsements via Power of Attorney," and "informed other indorsing parties that they have the option to claim the collateral securities that were indorsed by them." (*Id.*) Robinson alleges that Defendant Market was "informed" by her that there were "collateral securities involved in this transaction," and that "Exchanged Federal Reserve Notes were ordered [by Robinson] to be placed in escrow for disbursement." (*Id.* at 4.) When Market "ignored [the] order,", Robinson was allegedly unable to then "access the principals account." (*Id.*)

Robinson refers to three documents – titled "First Attempt to Claim Interest," "Second Attempt Opportunity to Cure," "Third Attempt Default Judgment" – that were allegedly drafted and signed on December 5, 2023, December 15, 2023, and March 5, 2024, respectively.[4] (*Id.* at 3-4) Robinson does not state who drafted or signed these documents. Based on these allegations, Robinson asserts claims for breach of contract and breach of fiduciary duty. She also asserts claims based on Defendants' alleged violation of federal criminal statutes and a claim based on a civil statute appliable to

---

[3] In her original Complaint, Robinson attaches a loan document showing that she pledged her credit union shares as security for a loan. (*See* ECF No. 2 at 25.)

[4] Although Robinson attaches documents to her original Complaint, the titles of those documents do not match the titles alleged in the Amended Complaint. (*See* ECF No. 2. at 10-12.)

the Federal Reserve system.  Robinsons seeks unspecified money damages.  (*Id.* at 6.)

II

The Court grants Robinson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. §1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  As Robinson is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Federal courts may only hear cases over which they have subject matter jurisdiction, namely cases involving federal questions or diverse parties.  Federal question jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Robinson alleges that the Court has federal question jurisdiction under 12 U.S.C. § 412, which is part of the Federal Reserve Act.[5] Section 412 outlines the requirements for Federal Reserve banks to apply for Federal Reserve notes from their local Federal Reserve agent. Section 412 applies only to Federal Reserve banks and not to federal credit unions like Trumark. And in any event, Section 412 does not create a private cause of action. *See* 12 U.S.C. § 412; *see also Villalobos v. T-Mobile*, No. 23-1138, 2023 WL 7383596, at *1 (M.D. Pa. Oct. 3, 2023) (noting that 12 U.S.C. § 412 provides no private cause of action); *Slocum v. Zen Realty*, No. 23-550, 2024 WL 666329, at *2 (E.D.N.C. Feb. 16, 2024) ("None of plaintiff's references to the statutes and regulations governing the Federal Reserve and banks [including § 412], however, create a private cause of action arising under federal law."); *Kornegay v. Cap. One*, No. 23-1032, 2024 WL 1463794, at *2 (M.D.N.C. Apr. 4, 2024) (dismissing claims asserted under § 412 as the statute does not create a private right of action).

Robinson also attempts to invoke the Court's jurisdiction by asserting claims under three federal criminal statutes: 18 U.S.C. § 1956 (laundering of monetary instruments); 18 U.S.C. § 2314 (transportation of stolen securities); and 18 U.S.C. § 1348 (securities and commodities fraud). However, criminal statutes generally do not give rise to civil liability. *See Brown v. City of Philadelphia Off. of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*); *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x

---

[5] Robinson also cites to 28 U.S.C. § 1337 as a basis for federal jurisdiction. Section 1337 provides federal district courts with original jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337. Similar to jurisdiction under § 1331, Robinson must identify a federal statute or law under which her action arose to establish federal jurisdiction. *See Yancoskie v. Delaware River Port Auth.*, 528 F.2d 722, 725 (3d Cir. 1975).

586, 589 n.4 (3d Cir. 2015) (*per curiam*) (noting that criminal statutes generally do not provide a private cause of action); *see also Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute").

More specifically, the federal criminal statutes Robinson cites do not provide an individual a private cause of action. *See Karupaiyan v. Singh*, No. 21-3163, 2022 WL 6634603, at *1 (3d Cir. Mar. 1, 2022) (stating that 18 U.S.C. § 1956 does not provide for a private cause of action), *cert. denied*, 143 S. Ct. 312 (2022); *Lindsay v. Ahuja*, No. 17-1771, 2017 WL 11707316, at *3 (D. Conn. Nov. 21, 2017) (holding that 18 U.S.C. § 2314 is a criminal statue for which there is no private right of action); *Wilson v. Tahbazof*, No. 23-5624, 2023 WL 9233486, at *2 (N.D. Cal. Dec. 20, 2023) (dismissing claim based on 18 U.S.C. § 1348 because the statute provides no private cause of action), *report and recommendation adopted*, 2024 WL 1236654 (N.D. Cal. Jan. 8, 2024).

Nor has Robinson alleged a basis for diversity jurisdiction, which exists in civil actions between citizens of different States where the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332. Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). A federal credit union is a citizen of the state in which it is based or localized. *See Feuchtwanger Corp. v. Lake*

*Hiawatha Fed. Credit Union*, 272 F.2d 453, 455 (3d Cir. 1959) (concluding that in assessing citizenship of federal credit union, the "localization of activity within a particular state sufficed to make a federal corporation a citizen of that state"); *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 31 (3d Cir. 1981) (relying on *Feuchtwanger* and concluding that "First Federal, a Pennsylvania based federal savings and loan association, is deemed a citizen of Pennsylvania."). Robinson alleges that she resides in Pennsylvania and that Trumark has a registered office from which it conducts business in Fort Washington, Pennsylvania. *See Pradel v. VAH Lyons Emps. Fed. Credit Union*, No. 19-15835, 2020 WL 2747766, at *2 n.2 (D.N.J. May 27, 2020) ("Courts have held that diversity of citizenship does not exist when a federal credit union primarily operates in a plaintiff's domicile.").

IV

For the foregoing reasons, the Court will grant Robinson leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction.[6] Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). A final Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

[6] Nothing in this Memorandum affects Robinson's rights to pursue her claims in state court should she seek to refile her claims there.